Manly, J.
 

 The Court is of opinion the form of action adopted in the case, is not the proper one.
 

 Upon an examination of authorities, it will be found, the
 
 *13
 
 earlier mode of redress, in such cases, was the action upon the case, in
 
 tort.
 
 This was used to redress- warranties broken and deceits, indiscriminately, and was the action resorted to when the pleader desired to count upon both a warranty and a deceit. About the close of the last century, the practice- arose of declaring in assumpsit upon warranties, in order to add, what are called, the money counts, which, in many cases, might prove of service. But no case can be found, it is believed, where, in that form of action, a count for a deceit was added.
 

 These principles seem to be established by the case
 
 of Williams
 
 v. Allison, 2 East Rep. 446, and the case in our own Reports of
 
 Lassiter
 
 v.
 
 Ward,
 
 11 Ire. Rep. 448.
 

 The history of the form of action for false warranties and deceits, led the Court below into error. "When the form was changed from tort
 
 to
 
 assumpsit, for cases of false warranty, it was supposed the latter form might also be applied to cases of deceit, arising out of
 
 contracts
 
 between the parties; — that in such cases, it was at the option of the pleader to use assumpsit or case at will, and' he was not
 
 restricted
 
 to
 
 case
 
 except for deceits unconnected with any contract between the parties (as for falsely representing a person to be worthy of credit.) The language of the elementary writer, Mr. Ohitty, whose work has been consulted, is not inconsistent with this view; 1 Chitty’s Plea. 139. But no precedent or case being found of such extended use of the action of assumpsit, it would seem to be inconsistent with established rules of pleading, and therefore illegal. It will follow, the two counts, as in the declaration before ns, cannot be joined.
 

 No error is perceived in the rule of damages laid down by the Judge below; but as the action has been misconceived, there must be a
 
 venire de nova.
 

 Pick Curiam,,
 

 Judgment reversed.